IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

NORMAN LASECKI                                                      PLAINTIFF

v.                             CIVIL NO. 23-3019

MARTIN J. O'MALLEY,[1] Commissioner
Social Security Administration                                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Norman Lasecki, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current applications for DIB and SSI on October 23, 2018, alleging an inability to work since October 21, 2018,[2] due to a neurodevelopmental disorder, bipolar disorder, an anxiety disorder, post-traumatic stress disorder, a dissociative disorder, a somatic disorder, a sleep disorder, a neurocognitive disorder, substance abuse, and a personality

---

[1] Martin J. O'Malley, has been appointed to serve as Commissioner of Social Security Administration, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Plaintiff, through his counsel, amended his alleged onset date to October 15, 2019. (Tr. 13, 553).

1

disorder. (Tr. 13, 110, 328). For DIB purposes, Plaintiff maintained insured status through September 30, 2021. (Tr. 14). An administrative video hearing was held on August 11, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 33-57).

By written decision dated April 18, 2022, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 15). Specifically, the ALJ found Plaintiff had the following severe impairments: spondylosis of the cervical spine at C5-C6 and C6-C7 with spurring, spondylosis of the lumbar spine at L3 through S1, osteoarthritis, anxiety, and depression. However, after reviewing all the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except limited to simple tasks with no detailed or complex instructions; work should be performed by rote with few variables and requiring little judgment; interpersonal contact should be only incidental to work performed; and supervision should be simple, direct, and concrete.

(Tr. 19). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a cutter and paster, a nut sorter, and an eyeglass frame polisher. (Tr. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on January 18, 2023. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 14, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following issues on appeal: 1) The ALJ failed to analyze the diagnoses of the nurse practitioners when determining Plaintiff's RFC; 2) The ALJ failed to propound an accurate hypothetical question to the vocational expert; 3) The ALJ failed to mention and properly assess the medical professionals' opinions; and 4) The ALJ's decision denying benefits is not supported by substantial evidence. (ECF No. 14). Defendant argues the ALJ properly considered all the evidence, and that the decision is supported by substantial evidence. (ECF No. 16).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. In determining that Plaintiff maintained the RFC to perform sedentary work with limitations, the ALJ considered the medical assessments of treating and examining medical providers; the medical assessments of the non-examining agency medical consultants; Plaintiff's subjective complaints; and his medical records. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record, the Court finds Plaintiff failed to meet his burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086,

3

1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant).

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as a cutter and paster, a nut sorter, and an eyeglass frame polisher. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 22nd day of February 2024.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE